660 N.W.2d 714 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant/Cross-Appellee,
v.
Fred GOTTSCHALK, Defendant-Appellee/Cross-Appellant.
People of the State of Michigan, Plaintiff-Appellant/Cross-Appellee,
v.
Jeffrey Silagy, Defendant-Appellee/Cross-Appellant.
Nos. 121833, 121834, COA Nos. 237681, 237682.
Supreme Court of Michigan.
May 8, 2003.
On order of the Court, leave to appeal having been granted and this case having been briefed and argued by counsel, we VACATE the order of October 30, 2002 which granted leave to appeal and the application for leave to appeal and the application for leave to appeal as crossappellant are DENIED because we are no longer persuaded the questions presented should be reviewed by this Court.
CORRIGAN, C.J., (concurring).
I concur in the Court's order, but write separately to emphasize that special care must be taken to avoid an apparent potential conflict of interest in the future. As amended, M.C.L. § 49.160(2) provides that where the Attorney General determines that a prosecuting attorney is disqualified by reason of a conflict of interest, the Attorney General may elect to proceed in the matter or may appoint a prosecuting attorney or assistant prosecuting attorney to act as a special prosecutor. In other words, should it appear that the Attorney General also has a conflict of interest in a case, the statute allows the Attorney General to appoint another prosecuting attorney or assistant prosecuting attorney.
In these cases, defendants are state employees. The Attorney General previously filed an amicus curiae brief in the Court of Appeals supporting defendants' position. Accordingly, it appears that the Attorney General should carefully consider potential conflict-of-interest issues before determining who shall act as prosecutor in future proceedings in this case.